UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES G. CALL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-cv-5859 |
| | ) | |
| v. | ) | Honorable Sharon Johnson Coleman |
| | ) | |
| JAMES D. LOGAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Charles G. Call brought the present complaint alleging a breach of contract claim against defendant James D. Logan based on the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Before the Court is Logan's motion to dismiss, motion to strike, and, in the alternative, a motion for a more definite statement. For the following reasons, the Court grants Logan's motion to dismiss and motion to strike. The Court further grants Call leave to file an amended complaint by no later than May 12, 2022.

**Background**

In his complaint, Call alleges that he, Logan, and two trusts created for the benefit of Logan's children, formed Personal Audio as a Texas limited liability company, and entered into a Membership Interest Agreement (the "Agreement") on May 1, 2009.[1] Under the Agreement, Call, then a registered patent attorney, agreed to perform services on behalf of Personal Audio giving guidance for licensing and litigation efforts related to the limited liability company's intellectual property. Call further alleges that in return for these services, he obtained a 15% membership interest in Personal Audio.

---

[1] The Court takes judicial notice of the Texas Secretary of State's corporation and business website indicating that Personal Audio, LLC, was registered on April 13, 2009. *See* mycpa.cpa.state.tx.us/coa.

Pursuant to the Agreement, Logan was to serve as the managing member of Personal Audio and receive 10% membership interest in Personal Audio, LLC. According to Call, the Agreement stated that Logan would seek to license or sell the patents and patent applications owned by Personal Audio. The Agreement also required Logan to distribute any revenues in proportion to each member's interest.

Call alleges that Logan used Personal Audio's funds in the amount of $500,000 to finance Logan's personal enterprise developed in 2016-17, and thus breached the Agreement. Call seeks compensatory damages based on the lack of distributions for his 15% membership interest due to this improper use of funds. Put differently, Call alleges that Logan used Personal Audio's available funds for his own enterprise rather than making distributions to Call in proportion to his membership interest. Call also seeks punitive damages.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). To survive a motion to dismiss, a plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In ruling on a motion to dismiss, courts may consider the complaint, documents attached to the complaint that are referred to in the complaint, and information that is subject to judicial notice. *Kuebler v. Vectren Corp.,* 13 F.4th 631, 636 (7th Cir. 2021).

**Discussion**

In his motion, Logan argues that Call does not have standing, more accurately capacity, to

bring this lawsuit because Call's claim is a derivative claim on behalf of the limited liability company Personal Audio. Although federal standing jurisprudence controls the Article III standing inquiry, courts look to the state law of an entity's incorporation to determine whether a plaintiff's claims are derivative or direct, namely, whether a plaintiff has the capacity to bring the lawsuit. *See Massey v. Merill Lynch, & Co., Inc.*, 464 F.3d 642, 646 (7th Cir. 2006).

Turning to Texas law, "[c]oncepts of standing and capacity have specialized application to business organizations and their stakeholders, requiring particular attention to the distinction between the two concepts." *Pike v. Texas EMC Mgmt., LLC*, 610 S.W.3d 763, 775 (Tex. 2020). To clarify, a "plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." *Id.* (emphasis in original) (citation omitted). A plaintiff lacks capacity when he "is not entitled to recover in the capacity in which he sues." Tex.R.Civ.P. 93(2).

In Texas, a member of a limited liability company lacks capacity to bring claims individually when the claims belong to the company, even if the member is injured by the wrongdoing in the form of reduced distributions. *See Pike,* 610 S.W.3d at 775; *Siddiqui v. Fancy Bites, LLC*, 504 S.W.3d 349, 360 (Tex. Ct. App. 2016). As the Texas Supreme Court explains, under such circumstances, shareholders/members will be made whole if the company obtains compensation for the wrongdoing. *See Pike*, 610 S.W.3d at 775.

Texas is not alone in this distinction. It is a "well-established corporate law principle 'that shareholders of a corporation may not maintain actions at law in their own names to redress an injury to the corporation even if the value of their stock is impaired as a result of the injury.'" *Massey*, 464 F.3d at 645 (citation omitted). Under Delaware law, for example, "[w]here all of a corporation's stockholders are harmed and would recover *pro rata* in proportion with their ownership of the corporation's stock solely because they are stockholders, then the claim is

3

derivative in nature." *Feldman v. Cutaia,* 951 A.2d 727, 733 (Del. 2008) (emphasis in original); *see also In re DeMattia,* ___ S.W.3d ___, 2022 WL 1089914, at *3 (Tex. Ct. App. 2022) ("courts throughout the United States, including Texas, look to Delaware on matters of corporate law."). Accordingly, Call's claim is derivative because all of the limited liability members were harmed based on Logan's alleged misconduct and would recover per their ownership percentage. In sum, Call does not have the capacity to bring this lawsuit as alleged.

Moreover, under Texas law, punitive damages are not recoverable in a breach of contract action unless accompanied by an independent tort. *See Signal Peak Enter. of Texas, Inc. v. Bettina Invest., Inc.,* 138 S.W.3d 915, 928 (Tex. Ct. App. 2004). The Court therefore grants Logan's motion to strike Call's punitive damages allegations.

On a final note, Logan argues that Call failed to state a claim under the federal pleading standards because he did not attach the parties' contract to his complaint. Logan's argument is misplaced because unlike Illinois Code of Civil Procedure 735 ILCS 5/2-606, the Federal Rules of Civil Procedure do not require a plaintiff to attach a copy of a contract to the complaint to state a plausible breach of contract claim. *Langston v. Mid-America Intercollegiate Athletics Assoc.,* 448 F.Supp.3d 938, 953 (N.D. Ill. 2020) (Lee, J.). If Call seeks to replead his allegations, attaching the parties' agreement would give more guidance.

**Conclusion**

For these reasons, the Court grants defendants' motion to dismiss without prejudice and motion to strike [20]. Plaintiff's amended complaint is due on or before May 12, 2022.

IT IS SO ORDERED.

Date: 4/21/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge